# NO. 12-18-00263-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY COLEMAN HICKS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Larry Coleman Hicks, acting pro se, appeals from his conviction for aggravated assault, trial court cause number 4-95-481. Sentence was imposed on October 13, 1995. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, Appellant filed his notice of appeal with the trial court on September 26, 2018, long after expiration of the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On September 28, 2018, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before October 8 to show this Court's jurisdiction. On October 15, this Court received correspondence from Appellant, in which Appellant address his abandonment by counsel and the involvement of a judge who once served

as prosecuting attorney.  Additionally, although Appellant's notice of appeal specifically states he is appealing from trial court cause number 4-95-481, other documents suggest an attempt to appeal from more recent, pending proceedings against him.  However, Appellant has not amended his notice of appeal to include any other trial court cause numbers.  Nor has he otherwise shown the jurisdiction of this Court.

This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1]  *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Accordingly, we *dismiss* Appellant's appeal for *want of jurisdiction*.  *See* TEX. R. APP. P. 43.2(f).

Opinion delivered October 17, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal.  *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 17, 2018

### NO. 12-18-00263-CR

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 4-95-481)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*